No. 3286

Second Circuit

### GENERAL EXCHANGE INSURANCE COR-PORATION ET AL. v. MORROW

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellant.

Barksdale, Bullock, Warren, Clark and Van Hook, of Shreveport, attorneys for defendant, appellee.

WEBB, J. In this action, plaintiffs, General Exchange Insurance Corporation and William F. Farmer, seek to recover judgment against defendant, J. R. Morrow, for the value of a Pontiac automobile owned by Farmer, which was destroyed by fire following a collision with an automobile owned by defendant.

The insurance company carried a policy protecting the Pontiac automobile against fire, under which an adjustment was made and the insured, Farmer, subrogated the insurance company to his rights against Morrow for the amount received; and, in this action, the insurance company claims the amount paid by it to Farmer, and Farmer, the difference between such amount and the alleged value of the automobile.

The collision occurred at the intersection of Gladstone Boulevard and Creswell Street, in the city of Shreveport, which streets intersect at right angles; the automobile owned and being driven by defendant approached and entered the intersection from the west, along Gladstone Boulevard, while that owned and being driven

by plaintiff approached and entered the intersection from the south, along Creswell Street, and following, and as a result of the collision, the Pontiac automobile was overturned, and gasoline escaping therefrom was ignited and the car was destroyed.

Plaintiffs allege that the collision and fire were due to the fault and negligence of defendant, in that the automobile being driven by Farmer, plaintiff, reached the intersection first and had proceeded almost across the intersection when it was struck by the automobile driven by defendant, who was driving at an excessive rate of speed on the wrong side of the roadway and not maintaining a lookout, which was denied by defendant who alleged that the collision was due to the fault and negligence of Farmer in driving at an excessive rate of speed without caution; and defendant also pleaded, in the alternative, contributory negligence.

On trial, evidence was offered tending to show that the fire resulted from an intervening cause, or the negligence of a third person in striking a match, causing the gasoline which had escaped from the overturned car to become ignited, and, while the Court did not render a written opinion and we are not informed as to the ground on which the judgment was based, whether upon plaintiff's failure to establish negligence on the part of defendant, or if contributory negligence was established on the part of plaintiff, Farmer, or that the destruction of the automobile was due to an intervening cause, the plaintiff urges that the evidence which was admitted tending to show an intervening cause was inadmissible and should not be considered, and, further, that the judgment was not warranted on either ground under the evidence.

The testimony of the respective drivers of the cars was greatly at variance, each claimed to have reached the intersection first, the defendant stating that at such time the plaintiff's car was at such distance from the intersection as that he should have had a wide margin of safety in crossing the intersection if the speed of the respective cars was anything like his estimate; while, if the plaintiff's estimate of the speed of the car was correct, he should have realized that in attempting to cross the intersection, he was placing his car in certain danger, as he said he attempted to negotiate the crossing at a speed of ten miles per hour, in front of defendant's car which was at that time thirty or forty feet from the intersection and advancing at a speed of 35 or 40 miles per hour.

While it is true that, generally speaking, the driver, who approaches an intersection with his car under control, first arriving at the intersection, has the right of way over a vehicle approaching from another intersecting street. Nevertheless, if the situation presented at that time is such that the danger of collision with the approaching vehicle from an intersecting street is or should be apparent, he will be held negligent in attempting to cross the intersection and cannot recover, even though the driver of the other vehicle was negligent. And conceding that the preponderance of the evidence shows that plaintiff reached the intersection first, and that defendant was guilty of negligence in approaching the intersection without having his car under control yet, under plaintiff's statement, he was guilty of contributory negligence and it is unnecessary to consider either the admissibility or the effect of the evidence offered by defendant tending to show that the destruction by fire of plaintiff's automobile was due to an intervening cause.

The judgment appealed from is affirmed.